## S. T. HAMILTON *v.* W. A. GRIGSBY, ET AL.

[Abstract Kentucky Law Reporter, Vol. 6—526.]

**Breach of Warranty.**

Where one buys land, the quantity of which is not mentioned in the deed and no representation is made to him of the number of acres contained in the tract, but it is understood by grantor and grantee that the land is known to be a certain named farm and in the conveyance to the grantor seventeen acres was excepted from the general description of the land some years before, the grantee can not recover from the grantor for breach of warranty on account of not receiving the seventeen acres. In such a case the purchaser received all he bargained for and lost nothing by reason that the seventeen acres were by mistake not excepted in the deed which he received.

### APPEAL FROM NELSON CIRCUIT COURT.

January 8, 1885.

OPINION BY JUDGE LEWIS:

Appellant being the owner by assignment of a promissory note given by Thos. H. Mattingly for the purchase price of a tract of land instituted an action to subject it to the payment of his debt, and at the sale made under the judgment rendered in the action he became the purchaser of the land. But before he received a deed therefor he made a verbal agreement with appellee, W. A. Grigsby, the husband and agent of appellee, Martha Grigsby, to sell the land to her at the price of $2,500, it being understood between them, however, that appellant was to first procure a deed from the Commissioner of court to himself and then convey the land to her. And shortly thereafter a deed was made by the Commissioner to appel-

lant and he conveyed the land to her warranting the title and was paid the sum therefore previously agreed on.

This action was instituted in equity by appellees to recover the value of seventeen acres of the land included in the boundary set out in the deed from appellant, which appears to have been at the time that deed was executed and for years before had been in the adverse possession of and owned by Robertson. And upon final hearing the court rendered judgment in favor of appellee, Martha Grigsby, against appellant for $340, the ascertained value of the seventeen acres of land.

It is alleged in the petition by appellees that the fact of Robertson being in possession and claiming the seventeen acres of land was fraudulently concealed from them by appellant and that neither of the appellees knew of such possession and claim until after the sale and conveyance to her.

They further say that appellant has broken his covenant of warranty in failing to put her in possession of the seventeen acres and not having title thereto.

Appellant in his answer not only denies the allegation of fraud, but also denies that appellees were, when the purchase was made from him, ignorant of the fact that Robertson had possession and claimed the seventeen acres.

The first question to be considered in this case is, did the seventeen acres in fact constitute any part of the consideration for the $2,500 paid by appellee, Martha Grigsby, or in other words was it understood and intended by the parties that appellant sold and appellee purchased the seventeen acres. If not, then she is not entitled in a Court of Equity to any relief, for she has sustained no damage, nor has appellant been guilty of the alleged fraud.

From the proceedings had in the action by appellant against Thos. H. Mattingly which are made part of the record in this case, it appears that the deed from C. P. Mattingly, the vendor of Thos. H. Mattingly, was filed with and made part of appellant's petition and he prayed for a sale of the land as therein described, and in the judgment for the sale, the boundary and description of the land as contained in that deed are set out, and the land so described was directed to be sold, and was sold and purchased by appellant.

The same boundary and description are set out in the Commissioner's deed to appellant and the deed from appellant to appellee,

Martha Grigsby, that are contained in the deed from C. P. Mattingly to Thos. H. Mattingly, with the exception that there is contained in the latter the following clause, that is omitted from the other two, viz: "And all the within boundary except so much of same as was sold by E. L. Miles to Edward Hayden by deed dated April 12, 1883, and recorded, and being the same lands conveyed by John T. Hickman and wife to Jos. Mattingly and by him to C. P. Mattingly.   See Deed Book 35, page 323-390."

That reservation covers the seventeen acres in contest, and as alleged by appellant was omitted by mistake from the Commissioner's deed to him and from his deed to appellee, Martha Grigsby.

When the facts and circumstances appearing in this record are considered the conclusion is almost irresistible that appellant did not sell to appellee the seventeen acres, and that the clause quoted was left out of the two deeds by mistake.   And in our opinion it is also clearly established that the seventeen acres formed no part of the consideration of $2,500 and was not intended or required by appellees or either of them to be conveyed.

There is no evidence whatever that appellant or any one else for him ever represented to appellees or either of them that the seventeen acres were part of the land sold, or that they purchased and paid the agreed price believing that it was a part of the tract sold.   On the contrary the seventeen acres had, nearly thirty years before, been detached from the tract and never thereafter constituted a part of it.   The contract between appellant and appellee, W. A. Grigsby, was for the sale of the land in gross without regard to the number of acres contained within the boundary afterwards set out in the deed and it was clearly understood by the parties that appellant sold and appellee purchased the identical land which had been sold in pursuance of the judgment before mentioned and purchased by him, and which was known and understood by all parties interested as the Mattingly farm.   That such is the case is placed beyond all question by the testimony of J. W. Muir, the attorney who instituted the action in favor of appellant against Thos. H. Mattingly and wrote both the Commissioner's deed and the one from appellant to Martha Grigsby.   He testifies that he made the mistake in the first instance in writing the Commissioner's deed and by mistake copied the deed in writing the one from appellant to appellee.   In his deposition is the following emphatic language: "I

know of my own knowledge that neither Mr. or Mrs. Grigsby ever bought or paid for the seventeen acres, as I was present when the trade was made and know whereof I speak."

But independent of the question of fact reference is, in express terms, made in the deed from appellant to appellee, as was done in the Commissioner's deed from C. P. Mattingly to Thos. H. Mattingly which contained the reservation of the seventeen acres.

So that even if the seventeen acres were by the terms of the deed from appellant to appellee included in the boundary, still they by the reference made to the Mattingly deed had notice of the previous conveyance of the seventeen acres, and can not now be heard to say that they were ignorant of the claim and possession of Robertson.

In our opinion the petition of appellees ought to have been dismissed and as prayed for in appellant's cross petition the deed ought to have been reformed so as to describe the land actually purchased and paid for by appellee and to exclude the seventeen acres which this record satisfactorily shows they neither purchased nor paid for.

Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*J. D. Wickliffe, for appellant.*

*Wm. Johnson, W. R. Grigsby, for appellees.*